**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LARRY R. ROBEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 1:08-cv-559-SEB-JMS |
| ) | |
| JOHN POTTER, Postmaster General, ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

This is an action in which plaintiff Larry Robey ("Robey") asserts claims pursuant to the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1) ("FMLA"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), and pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). The defendant as to the FMLA claim is the United States Postal Service, Robey's former employing agency. The defendant as to the Title VII and the ADEA claims is Postmaster General John Potter.

The defendants seek resolution of Robey's claims through the entry of summary judgment. For the reasons explained in this Entry, the motion for summary judgment must be **granted.**

### A. Summary Judgment Standard

Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. "[M]otions for summary judgment must be decided on the record as it stands, not on a litigant's visions

of what the facts might some day reveal." *Maldonado Denis v. Castillo Rodriguez,* 23 F.3d 576, 581 (1st Cir. 1994).

The Supreme Court has explained that the purpose of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). Succinctly stated, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998).

"'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999)(quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion."*Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). In doing this, moreover, the non-movant may and should be expected to comply with applicable rules governing the presentation of information. *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994).

Robey has responded to the motion for summary judgment by stating that he denies or otherwise objects to certain statements made by the defendants in their brief in support of the motion for summary judgment. This response is inadequate to properly oppose the motion for summary judgment. This failure was specifically brought to Robey's attention along with the opportunity to cure such defect through the filing of a supplemental response. Robey declined to file a supplemental response. The court has no obligation to parse through these materials in search of a basis on which to conclude that there is or is not a genuine issue of fact justifying a trial. *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991)("Judges are not like pigs, hunting for truffles buried in briefs."). "[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003) (citing cases). There is no reason to stray from the traditional remedy in this case, even recognizing that Robey is proceeding without counsel here.[1] Thus, although Robey

---

[1] The court intends to enforce the requirements of Local Rule 56.1 in this and in every case. *See, e.g., Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). The Seventh Circuit has "consistently and repeatedly upheld" district courts' discretion to require compliance with the local rules governing summary judgment. *Bordelon v. Chicago Sch. Reform Bd. of Trustees,* 233 F.3d 524, 527 (7th Cir. 2000); *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994)(collecting numerous cases). To do so in this case is no disservice to Robey, despite the fact that he proceeds without counsel at this point, for four reasons. First, "it is . . . well established that pro

disputes portions of the defendants' evidentiary showing, he does not do so in a manner which creates a genuine issue of fact. See *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990)(explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e) . . . As such, we can simply ignore them.").

By not responding properly and with evidentiary materials, Robey has conceded the defendants' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### B. Undisputed Facts

The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Robey as the non-moving party. See *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

1. In 2005, Robey was employed by the Postal Service as a review clerk in Indianapolis, Indiana.

2. Robey was issued a letter of decision removing him from his position effective November 25, 2005, because he used sick leave and leave under the FMLA while performing work in his helicopter business.

3. Robey challenged his termination through the grievance process. The termination decision of the Postal Service was upheld at arbitration. *Robey v. Merit Sys. Protection Bd.,* 253 Fed. Appx. 933, 934, 2007 WL 3256608 (Fed.Cir. 2007). Robey took the following steps to challenge the decision to terminate his employment:

---

se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008)(citing *McNeil v. United States,* 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Second, the special notice required by *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), and by the court's *Local Rules* was provided to Robey with the motion for summary judgment. Third, after Robey's response was received, the court issued a supplemental notice to him regarding summary judgment process and burdens, and provided an opportunity for Robey to make an additional, and fully conforming, response to the motion for summary judgment. Fourth, Robey's prior administrative steps and litigation of the termination of his employment has been so extensive that the importance of adhering to rules has to have been made evident to him. Despite all these circumstances, Robey did not file a supplemental response to the defendants' motion.

    a.    On December 1, 2005, Robey filed a mixed appeal with the Merit Systems Protection Board ("MSPB"), and his appeal was docketed as No. CH-0752-06-0150-I-1. The MSPB accepted jurisdiction over the mixed appeal.

    b.    On December 22, 2005, Robey voluntarily withdrew his MSPB appeal because he was pursuing his remedies through the grievance process.

    c.    Because Robey withdrew his MSPB appeal, on December 22, 2005, the MSPB issued its decision dismissing Robey's MSPB appeal with prejudice.

    d.    On December 27, 2005, Robey contacted his EEO Counselor and initiated an informal complaint, No. IJ-461-0008-06, concerning his termination. Robey did not disclose his prior grievance and MSPB appeal on the form. Robey never filed a formal complaint with the EEO as to No. IJ-461-0008-06.

    e.    On February 2, 2006, Robey was advised that he may be eligible to file an appeal to the MSPB within 30 days of the effective date of the adverse action or he may file a formal complaint of discrimination within 15 days of the date he received the notice.

    f.    Robey challenged his termination through the grievance process. As noted, however, that decision was upheld at arbitration. *Robey,* 253 Fed.Appx. at 934.

    g.    On July 26, 2006, Robey sought to resurrect his MSPB case by filing another appeal of his November 25, 2005, removal to the MSPB. In this appeal, Robey requested the MSPB to review the arbitrator's decision denying his union grievance. The MSPB dismissed his appeal for lack of jurisdiction because of the dismissal with prejudice of his earlier appeal, and it affirmed that decision on review.

    h.    Robey appealed the MSPB's dismissal of his second appeal to the Court of Appeals for the Federal Circuit. The appellate court upheld the MSPB's decision that it did not have jurisdiction to review the arbitration decision and that the MSPB had correctly held that there was no reason to reopen his earlier appeal.

    i.    On April 14, 2008, the United States Supreme Court denied Robey's petition for a writ of certiorari. *Robey v. Merit Sys. Protection Bd.,* 128 S. Ct. 1925 (2008).

4.    The lawsuit docketed as shown above was filed on April 28, 2008.

### C. FMLA Claim

The court first addresses Robey's claim under the FMLA. The FMLA gives eligible employees the right to take up to twelve work-weeks of unpaid leave during any twelve month period for specified reasons, including because a "serious health condition" makes the employee unable to perform the functions of his or her position. See *Pirant v. U.S. Postal Service*, 542 F.3d 202 (7th Cir. 2008) (citing 29 U.S.C. § 2612(a)(1)).

An action may be brought under the FMLA "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). This statute of limitations is three years, however, for "wilful violations." 29 U.S.C. § 2617(c)(2).

In this case, Robey was issued a letter of decision removing him from his position effective November 25, 2005, because he used sick leave and leave under the FMLA while performing work in his helicopter business. Robey claims he took FMLA on 18 occasions during the period October 17, 2004 through July 9, 2005. To have been timely, Robey would have been required to file his complaint by at least November 25, 2007. (There is no suggestion that the 3-year period of limitations for "wilful violations" is applicable here.) Because he did not do so, Robey's FMLA claims are barred by his failure to file his complaint within the 2-year statute of limitations.

### D. Title VII and ADEA Claims.

The court next considers Robey's claims pursuant to Title VII and pursuant to the ADEA. The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The protected class is employees forty years of age and over. *Id.* at § 631.

Title VII makes it unlawful for employers to discriminate against individuals on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

It is well established that a plaintiff must exhaust his administrative remedies for claims of employment discrimination before he can proceed in federal district court. *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832 (1976). For specified personnel actions, including removals, a federal employee may file either a complaint through the agency's EEO process or a mixed case appeal with the MSPB challenging the personnel action and also raising discrimination claims. 29 C.F.R. § 1614.302(b). The employee may not do both, however. *Id.* Once an employee elects a forum, he is "required to exhaust [his] claims in that forum before filing a civil action." *McAdams v. Reno*, 64 F.3d 1137, 1142 (8th Cir. 1995). If the employee files both an agency complaint and an appeal to the MSPB, the action first taken is considered an election to proceed in that forum. *Economou v. Caldera*, 286 F.3d 144, 149 (2d Cir. 2002).

Robey chose to file a mixed appeal with the MSPB, and the MSPB accepted jurisdiction over Robey's appeal, assigning it No. CH-0752-06-0150-I-1. As a consequence of this election, Robey "must exhaust [the available] administrative remedies in [the MSPB] forum prior to filing a civil action in federal district court." *Harms v. Internal Revenue Serv*, 321 F.3d 1001, 1009 (10th Cir. 2003) (*citing McAdams*, 64 F.3d at 1142). Instead of pursuing his remedies in his chosen forum, on December 22, 2005, Robey elected to voluntarily withdraw his appeal, foregoing a final decision from the MSPB and also waiving his right to a hearing before the EEOC, 29 C.F.R. §§ 1614.303-.304, and district court review, 5 U.S.C. § 7703(b)(2). Because Robey waived his right to pursue his administrative remedies in the MSPB forum, his Title VII and ADEA claims must be dismissed for lack of subject matter jurisdiction.

### E.  Conclusion

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Chiaramonte v. Fashion Bed Group, Inc.,* 129 F.3d 391, 393 (7th Cir. 1997), *cert. denied,* 523 U.S. 1118 (1998). Robey's FMLA claims are barred by his failure to file his complaint within the 2-year statute of limitations and his Title VII and ADEA claims must be dismissed for lack of subject matter jurisdiction. Robey has not identified a genuine issue of material fact as to his claims in this case, and the defendants are entitled to judgment as a matter of law. The motion for summary judgment is therefore **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/15/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana